No dispute exists as to Smith's qualification for the safety valve under factors one, three, four, and five. Smith contends the district court erred in holding he did not meet the second factor due to the gun in his backpack.

In *Lopez–Sandoval,* we held the § 2D1.1(b)(1) enhancement for possessing a firearm applies unless "it is 'clearly improbable that the weapon was connected with the offense.'" 146 F.3d at 714 (quoting U.S.S.G. § 2D1.1 cmt. 3). Smith does not contest the applicability of the enhancement. Section 5C1.2(2) incorporates the same "connected with" phraseology as the commentary to § 2D1.1, and every circuit to consider the issue has held that conduct which warrants an increase in sentence under § 2D1.1(b)(1) necessarily defeats application of the safety valve.[2] *United States v. Vasquez,* 161 F.3d 909, 911–12 (5th Cir.1998) (equating the safety valve with the enhancement); *United States v. Hallum,* 103 F.3d 87, 89 (10th Cir.1996) (affirming the district court's use of the commentary to § 2D1.1 when interpreting § 5C1.2); · *cf. United States v. Burke,* 91 F.3d 1052, 1053 (8th Cir.1996) (equating "in connection with" for enhancement purposes under U.S.S.G. § 2K2.1(b)(5) with the phrase as used in the § 5C1.2 safety valve provision). We now align ourselves with these circuits. Because we see no reason to disturb the district court's finding that it was not "clearly improbable that the weapon was connected with the offense," Smith is not eligible for safety-valve relief.

Accordingly, we **AFFIRM** the sentence imposed by the district court.

**2.** Smith points us to *In re Sealed Case,* 105 F.3d 1460, 1463 (D.C.Cir.1997), where the court held a co-conspirator's possession of a gun could warrant imposition of the § 2D1.1(b)(1) enhancement although it could not defeat application of the § 5C1.2 safety valve. However, we read *In re Sealed Case* as limited to the co-conspirator context. *See United States v. Plunkett,* 125 F.3d 873, 876 & n. 6 (D.C.Cir.1997) (holding the district court did not plainly err in refusing the safety valve because it had applied the upward adjustment).

**GREATER YELLOWSTONE COALITION; Jackson Hole Alliance For Responsible Planning; American Buffalo Foundation; Gallatin Wildlife Association; Defenders of Wildlife; David A. Ritchey, Plaintiffs–Appellants,**

**v.**

**Bruce BABBITT, Secretary, United States Department of Interior; Roger Kennedy, Director, National Park Service; Michael Finley, Superintendent, Yellowstone National Park; Daniel Glickman, Secretary, United States Department of Agriculture; Jack Ward Thomas, Chief, United States Forest Service; Terry Medley, Administrator, Animal and Plant Health Inspection Service, Defendants–Appellees,**

**and**

**State of Montana; Marc Racicot, Governor of the State of Montana, Defendants–Intervenors–Appellees.**

**Intertribal Bison Cooperative; Defenders of Wildlife; Greater Yellowstone Coalition; Jackson Hole Alliance for Responsible Planning; David A. Ritchey Plaintiffs–Appellants,**

**v.**

**Bruce Babbitt, in his official capacity as Secretary of the Interior, Denis Galvin, in his official capacity as Acting Deputy Director of the National Park Service; Michael Finley, in his official capacity as Superintendent of Yellowstone National Park; Michael**

Dombeck, in his official capacity as Chief of the United States Forest Service; Terry Medley, in his official capacity as Governor of the state of Montana; Laurence Peterson, in his official capacity as Executive Officer of the Montana Department of Livestock; State of Montana, Department of Livestock, a state agency;

Patrick J. Graham, in his official capacity as Director of Montana Department of Fish, Wildlife and Parks; State of Montana, Department of Fish, Wildlife and Parks, Defendants–Appellees.

Nos. 98–36151, 98–36152.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 1999.

Decided May 6, 1999.

James S. Angell, Earthjustice Legal Defense Fund, Bozeman, Montana, for the plaintiffs-appellants.

Andrew Mergen, United States Department of Justice, Washington, D.C., for the defendants-appellees.

John E. Bloomquist, Doney, Crowley, Bloomquist & Uda, Helena, Montana, for the intervenors-appellees.

Before: PREGERSON and THOMPSON, Circuit Judges, and KELLEHER,[1] Senior District Judge.

## ORDER

We affirm for reasons set forth in the district court's well-reasoned opinion and order reported at *Intertribal Bison Cooperative, et al., v. Babbitt*, 25 F.Supp.2d 1135 (D. Mont.1998).

SO ORDERED.

UNITED STATES of America,
Plaintiff–Appellant–
Cross–Appellee,

v.

Brenda Lee WORKING, Defendant–
Appellee–Cross–Appellant.

Nos. 98–30121, 98–30122.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 1999.

Filed May 6, 1999.

1. The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.